STATE Ex Rel. HOULAHAN *v.* DOUGLASS Et Al.
(Consolidated Virginia Mining Company Et Al.
Interveners).

No. 3051

May 4, 1934.                                    32 P. (2d) 257.

*H. R. Cooke,* for Relator:

*W. Howard Gray,* for Respondents:

*George L. Sanford,* for Interveners:

# OPINION

By the Court, SANDERS, C. J.:

On November 24, 1933, J. M. Houlahan, with the consent of the attorney - general in the name of the State of Nevada, made application to this court by way of petition for a writ of mandate to compel W. G. Douglass, Albert Evans, and James Stoddart, members of and constituting the board of county commissioners of Storey County, to convey to him the right, title, and interest of Storey County in and to that certain patented lode mining claim designated and described as United States Patent No. 3984, bearing Mineral Certificate No. 212, known as the Crowley Lode, situated in Virginia Mining District in said county, or show cause before this court on a day certain why they have not done so.

Upon the issuance and service of the writ and prior to the date fixed therein for return, the Consolidated Virginia Mining Company, a corporation, and the Ophir Mining Company, a corporation, with my leave filed in the cause their joint complaint in intervention, praying that they be adjudged to be the owner of said claim, and that this proceeding be dismissed. On the date fixed for return the respondent board of commissioners, in addition to demurrer, answered the complaint of the relator, and the relator demurred to the complaint in intervention. On February 14, 1933, the case came on for hearing upon the pleadings and on argument was submitted for decision on briefs.

The case made by the complaint is predicated upon the provisions contained in section 1 of chapter 44, Stats. 1933, p. 40, and the proceedings had between

the relator and respondents under and in virtue of said act.

Section 1 of the act reads as follows:

"SECTION 1. Whenever any person shall present to and file with the county commissioners of the proper county an affidavit and petition showing that he is a citizen of the United States; that there is belonging to said county as shown by the official records thereof a patented mining claim or claims, sufficiently identifying the same, which have become the property of said county through operation of the revenue laws of this state; the amount of the tax and penalties and costs, if any, for which said claim or claims became the property of said county; that it is his bona fide intention to explore and develop said claim or claims, the said county commissioners may contract respecting said claim, or claims, as follows:

"By an order appearing on its minutes give to such petitioner permission to enter upon, not to exceed two, of any such claims and explore the same for valuable minerals for a period of six months without any charge therefor; provided, no ore or valuable mineral in excess of five hundred (500) pounds shall be removed from any mining claim or claims until title thereto shall have been acquired by said citizen as is hereinafter provided. At the expiration of six months, or sooner, if said petitioner so desires, said county commissioners shall make and execute a deed conveying the title of such county to such claim or claims, not exceeding two, to said original petitioner for the sum for which said property became the property of the county."

The complaint for cause of action, alleges, in substance, that relator is a citizen of the United States; that on May 5, 1933, he presented to and filed with respondents his affidavit and petition stating that there belongs to Storey County, as shown by the official records thereof, a patented lode mining claim, identifying the same by appropriate description, which became the property of said county through operation of the revenue laws of this state, in the manner following, to wit:

That said claim was duly assessed on the tax roll of said county for the year 1914, went delinquent, and was advertised for sale by the treasurer of said county, and that on the appointed day for sale no bidders appeared, and the claim was bid in by said treasurer for the amount of the tax, penalties, and costs, for the use and benefit of Storey County; that the limitation by law for redemption passed and no one appeared to redeem the same.

The complaint alleges that it was at all times the bona fide intention of relator to explore and develop said patented lode claim. The complaint further alleges that respondents considered relator's affidavit and petition and that on June 5, 1933, the relator tendered to respondents the amount of the tax, penalties, and costs, to wit, the sum of $30.24, for which said claim became the property of said county, and demanded that they execute and deliver to him a deed therefor, which was refused. The complaint alleges that on July 5, 1933, the relator again tendered said sum of $30.24 in payment for said claim, and on that date the respondents accepted his bid, as appears from the minutes of the board, reading as follows: "Mr. J. Houlahan made a cash tender to the Board of County Commissioners on Patent No. 131, Crowley, and upon motion of Mr. Stoddart and seconded by Mr. Douglass, the tender was accepted and the deed ordered executed."

The complaint charges that the respondents refused, and have continued to refuse, and do now refuse, to make and execute a deed conveying to relator said patented lode mining claim, and that on July 12, 1933, there was caused to be entered on the minutes of said board the following record in relation to relator's demand for a deed, to wit: "A protest against the sale of the Joe *Skates* Patented Mining Claim No. 131 A and B to John M. Houlahan was filed by the Con Virginia and Ophir Mining Companies, read and ordered filed upon motion made by Commissioner Stoddar*d* seconded by Chairman Douglass and passed by the Board, the action of the Board taken on July 5th selling the patent 131 A and B to John Houlahan was *recinded* by the Board,

upon the ground that the County of Storey has no title and no right to sell said Patent and the Clerk of this Board is hereby ordered to refund any moneys paid therefor."

It is alleged in the complaint that the refusal to execute and deliver said deed deprived relator of possession, use, and enjoyment of said property and hindered and prevented him from entering in and upon said mining claim and mining and extracting the minerals therein contained, and that relator has no plain, speedy, and adequate remedy at law, wherefore he prayed that an alternative writ of mandate be issued and directed to respondents commanding them to execute and deliver to him a deed conveying the title of Storey County to said patented lode mining claim for the sum of $30.24.

To this complaint the respondents demurred, assigning these causes of demurrer:

"No. 1: Said complaint fails to state facts sufficient to constitute a cause of action against respondents or to warrant this Honorable Court in granting the relief prayed for, or for any relief.

"No. 2: Mandamus is not the proper remedy for the reason that Chap. 44 of the Statutes of Nevada, 1933, Page 40, is not mandatory, but is directory, in that the Board of County Commissioners have a discretionary power delegated to them by the Statute.

"No. 3: It does not appear from the allegations in relator's complaint that an affidavit or petition was ever filed with respondents which complied with the provisions of Chap. 44 of the Statutes of Nevada, 1933, Page 40, in this, that it does not appear from said complaint that said affidavit or petition filed with respondents by relator set forth the facts showing the said patented mining claim described in relator's complaint was the property of Storey County as shown by the official records thereof.

"No. 4: Chap. 44, Statutes of Nevada, 1933, Page 40 is inoperative and ineffective and void, and mandamus will not issue to compel the doing of a futile act.

"No. 5: Storey County does not have title to the patented mining claim described in relator's complaint, for the reason that there is no certificate of sale, or deed recorded, evidencing a sale for delinquent taxes to the County Treasurer for the benefit of the County and State, and there is no allegation in relator's complaint alleging that a certificate of sale or deed has ever been made, executed, filed and recorded as required by law."

The legal question raised by the demurrer involves the interpretation of section 1 of chapter 44, Stats. 1933, above set out. By reference to the statute it will be observed that whenever any person presents to and files with the county commissioners of the proper county an affidavit and petition showing that there is belonging to said county a patented mining claim which has become the property of the county through operation of the revenue laws of the state, the amount of the tax and penalties and costs for which said claim became the property of the county, the board of county commissioners may contract respecting such claim in the manner provided in the statute.

The substance of the relator's contention is that since he had done all of the things named and required in the statute, and having contracted with him respecting said mining claim in the manner provided in the statute, the respondent board was compelled to make and execute a deed conveying the title of Storey County to the claim for the sum for which it had become the property of the county.

Cases may occur under the statute in which mandamus would be a proper remedy to compel a county to make and execute a conveyance as provided in the statute, but clearly this is not such a case. The facts stated in the relator's complaint, together with the lawful inferences to be deduced therefrom, show that the failure and refusal of the respondent board to make the conveyance was because Storey County had no title to the patented mining claim in question. It can hardly be supposed that by the use of the word "shall"

it was the legislative intent to make it compulsory upon the board of county commissioners of a county to convey a patented lode mining claim which had not become the property of the county through the operation of the revenue laws of this state. This court cannot substitute its judgment in place of that of the respondents in rescinding the contract respecting the property in controversy and ordering the money paid therefor to be refunded for the reasons stated in the resolution of June 5, 1933. The application or petition for the writ is denied. This conclusion renders unnecessary a consideration of relator's demurrer to the complaint in intervention on file herein.

COLEMAN, J., concurring:

I concur in the conclusion reached in the foregoing opinion for the reason stated therein. One fact which leads me to this conclusion, and which is not stated in the opinion, is that the lode which was advertised and sold was described as Survey 132, Crowley Lode; whereas, the property sought by this proceeding to have conveyed is the Crowley Lode, Survey No. 131. It often happens that mining claims of the same name have different numbers.